

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY A. AUTIN, II | * | CIVIL ACTION |
| VERSUS | * | NO. 03-2309 |
| TEEN CHALLENGE INTERNATIONAL, ET AL | * | SECTION "F" |

### ORDER AND REASONS

Before the Court are several motions to dismiss: Teen Challenge International moves to dismiss under Rule 12(b)(6) and Greater New Orleans Teen Challenge, Inc., Greg Dill and Gary Bentley move to dismiss under Rule 12(b)(6). For the reasons that follow, the motions are DENIED.

### Background

In the summer of 2002, the plaintiff, Troy Autin, was a participant in a Teen Challenge drug rehabilitation program, the Greater New Orleans Teen Challenge. Autin was interned at the Greater New Orleans Teen Challenge because he had violated his probation. On August 15, 2003, he filed this lawsuit for activities that occurred while he was a participant in the Teen Challenge program. He raises claims for violations to his Constitutional rights under the Eighth Amendment and to his rights under Article I, Section 20 of the Louisiana Constitution. All defendants seek dismissal.

DATE OF ENTRY
DEC 9 - 2003



## I. Standard for Dismissal

In considering a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief may be granted, the court must take the factual allegations contained in the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff. Fernandez-Montes v. Allied Pilots Assoc., 987 F.2d 278, 284 (5th Cir. 1993). The complaint should be dismissed if it appears beyond a doubt that the plaintiff can prove no set of facts supporting his claim which would entitle him to relief. Id. at 285; Leffall v. Dallas Independent School District, 28 F.3d 521, 524 (5th Cir. 1994).

## II. Application

The defendants contend that the plaintiff's claims should be dismissed because the claims against them are for violations of the Constitution which do not apply to private entities. The plaintiff counters that he has sufficiently stated a fact situation in his complaint that the defendants' actions were under the color of state law, which could entitle the plaintiff to relief for Constitutional violations. The Court agrees.

The Fifth Circuit requires that one stating a claim under Section 1983 must establish: (1) a violation of the Constitution or law of the United States; and (2) the violation was committed by a person acting under color of law. McKinney v. Irving Indep. School Dist., 309 F.3d 308, 312 (5th Cir. 2002), cert denied, 537 U.S. 1194, 123 S.Ct. 1332, 154 L.Ed.2d 1030 (2003). The "under color of law" requirement of Section 1983 is analogous to the "state action" requirement of the Fourteenth Amendment. Rendell-Baker v. Kohn, 457 U.S. 830, 838, 102 S.Ct. 2764, 2769-70, 73 L.Ed.2d 418

(1982). The question that must be resolved is whether the action giving rise to the federal rights violation is "fairly attributable to the State." Id. Four tests answer this question: (1) the nexus test; (2) the symbiotic relationship test; (3) the joint action test; and (4) the public function test. Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1447-57 (10th Cir. 1995).

The plaintiff correctly relies on the public function test. A private party's actions will be "fairly attributable to the State" under the public function test when the state delegates to the private party a power "traditionally exclusively reserved to the State." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352, 95 S.Ct 449, 454, 42 L.Ed.2d 447 (1974).

The plaintiff says in his complaint that he was interned at the Greater New Orleans Teen Challenger because of a violation of probation. The facts surrounding the plaintiff's participation in the drug rehabilitation program are important in determining whether defendants were delegated a power "traditionally exclusively reserved to the State." The plaintiff implicitly asserts that his internship was equal to involuntary confinement, which was done by court order, and that he was involuntarily put in the care and control of the defendants. See Schulgen v. Stetson School, 2000 WL 352366, 2 (E.D.Pa. 2000).

The complaint on its face contains claims that could give rise to a remedy at law, given a certain set of facts. Thus, the plaintiff's complaint is at least sufficient to survive a Motion to Dismiss under Rule 12(b)(6). The defendants status as a state actor cannot be properly resolved in a Motion to Dismiss because the Court, to resolve the issue, must look into the facts of the relationship

between the parties beyond what is stated in the complaint. See id. Any factual resolution of the state actor status of the defendants can perhaps be more properly resolved in a Motion for Summary Judgment, or at trial.

Accordingly,

IT IS ORDERED: that the defendants' Motions to Dismiss are DENIED.

New Orleans, Louisiana, December 8, 2003.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE