
FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF LA
2003 DEC 12 PM 4: 01
LORETTA G. WHYTE
CLERK

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY A. AUTIN, II | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NUMBER: 03-2309 |
| | * | |
| TEEN CHALLENGE INTERNATIONAL, ET AL. | * | JUDGE FELDMAN |
| | * | |
| | * | MAJ. WELLS ROBY |

* * * * * * * * * * * * * * * * * * * * * * * * *

## ANSWER TO PLAINTIFF'S COMPLAINT

Defendant, Teen Challenge International, Inc. ("TCI") files this answer to plaintiff's complaint as follows:

## ANSWER

1.

Defendant denies the allegations contained in paragraph 1 for lack of information sufficient to justify belief therein.

2.

Defendant denies the allegations contained in paragraph 2 as written.

3.

Defendant denies the allegations contained in paragraph 3 for lack of information sufficient to justify belief therein.

Fee_____
Process____
X Dktd_____
CtRmDep_____
Doc. No._____10_

646102_1

4.

Defendant denies the allegations contained in paragraph 4 for lack of information sufficient to justify belief therein.

5.

Defendant denies the allegations contained in paragraph 5 for lack of information sufficient to justify belief therein.

6.

Defendant denies the allegations contained in paragraph 6 for lack of information sufficient to justify belief therein.

7.

Defendant denies the allegations contained in paragraph 7 for lack of information sufficient to justify belief therein.

8.

Defendant denies the allegations contained in paragraph 8 for lack of information sufficient to justify belief therein.

9.

Defendant denies the allegations contained in paragraph 9 for lack of information sufficient to justify belief therein.

10.

Defendant denies the allegations contained in paragraph 10 for lack of information sufficient to justify belief therein.

11.

Defendant denies the allegations contained in paragraph 11 for lack of information

sufficient to justify belief therein.

12.

Defendant denies the allegations contained in paragraph 12 for lack of information sufficient to justify belief therein.

13.

Defendant denies the allegations contained in paragraph 13 for lack of information sufficient to justify belief therein.

14.

Defendant denies the allegations contained in paragraph 14 for lack of information sufficient to justify belief therein.

15.

Defendant denies the allegations contained in paragraph 15.

16.

Defendant denies the allegations contained in paragraph 16.

17.

Defendant denies the allegations contained in paragraph 17.

18.

Defendant denies the allegations contained in paragraph 18.

19.

Defendant denies the allegations contained in paragraph 19.

20.

Defendant denies the allegations contained in paragraph 20.

21.

Defendant denies the allegations contained in paragraph 21.

22.

Defendant denies the allegations contained in paragraph 22.

23.

Defendant denies the allegations contained in paragraph 23.

24.

Defendant denies the allegations contained in paragraph 24.

25.

Defendant denies the allegations contained in paragraph 25.

26.

Defendant denies the allegations contained in paragraph 26.

27.

Defendant denies the allegations contained in paragraph 27.

28.

Defendant denies the allegations contained in paragraph 28.

29.

Defendant denies the allegations contained in paragraph 29.

30.

Defendant denies the allegations contained in paragraph 30.

31.

Defendant denies the allegations contained in paragraph 31.

32.

Defendant denies the allegations contained in the prayer of the complaint.

### First Defense

Plaintiff was guilty of assumption of the risk, contributory and/or comparative negligence and/or victim fault, each of which precludes or alternatively, reduces liability on the part of defendants for the alleged damages asserted in these proceedings.

### Second Defense

Plaintiff's carelessness, recklessness and negligence was the sole cause of this accident and any injuries. Further, in the alternative, if the carelessness, recklessness and negligence (comparative) of the plaintiff's was not the sole cause of his accident and injuries, then such carelessness, recklessness, disregard for safety and negligence were at the very least a contributing cause thereto and any recovery should be reduced by the percentage of negligence attributable to then and, further, that defendant is not liable for more than their degree of negligence, if any, which fault is expressly and strenuously denied.

### Third Defense

The claims of the plaintiff should be barred or reduced because the plaintiff has failed to mitigate his damages.

### Fourth Defense

While defendant denies that plaintiff is entitled to any recovery whatsoever, if he has sustained any loss, injury, or damage, such loss, injury or damage was proximately caused not by the defendant but by the acts or omissions for others for whose conduct this defendant are not responsible, or was the result of superceding or intervening events, factors, occurrences or conditions for which defendant is not responsible.

### Fifth Defense

Defendant asserts, in the alternative, that any danger or risk to which plaintiff was exposed were open and obvious and, therefore exempts defendant from the liability to the plaintiffs.

### Sixth Defense

Negligence, if any, on the part of the defendant was not the proximate cause of any injuries which may have been sustained by plaintiff.

### Seventh Defense

The plaintiff has suffered no actual damages.

**WHEREFORE**, defendant, Teen Challenge International, Inc., prays that, after due proceedings are had, plaintiff's Complaint for Damages be dismissed, with prejudice, and at the plaintiff's costs; and further that the Court shall grant defendant such other relief as the Court may deem proper.

Respectfully submitted,

_____
Douglas R. Holmes (#23996), T.A.
Maurice C. Ruffin (#28747)
-of-
CHAFFE, McCALL, PHILLIPS,
    TOLER & SARPY, L.L.P.
2300 Energy Centre
1100 Poydras Street
New Orleans, Louisiana 70163-2300
Telephone: (504) 585-7000

**Attorneys for Teen Challenge International, Inc.**

## CERTIFICATE OF SERVICE

I do hereby certify that I have on this 12th day of December, 2003, served a copy of the foregoing pleading on counsel for all parties to this proceeding, by mailing the same by United States mail, properly addressed, and first class postage prepaid.

_____
Douglas R. Holmes