

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY A. AUTIN, II | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 03-2309 |
| | * | |
| TEEN CHALLENGE INTERNATIONAL, | * | SECTION F |
| GREATER NEW ORLEANS TEEN | * | |
| CHALLENGE; GREG DILL; | * | JUDGE FELDMAN |
| GARY BENTLEY | * | |
| | * | MAGISTRATE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## SUPPLEMENTAL OPPOSITION TO DEFENDANTS GREATER NEW ORLEANS TEEN CHALLENGE'S AND TEEN CHALLENGE INTERNATIONAL, INC.'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT

### I. THE DISPUTED FACTS RAISE MANY ISSUES OF MATERIAL FACT WHICH PREVENT A SUMMARY JUDGMENT FOR DEFENDANTS.

The following additional facts raise several issues of material fact and show that Defendants have not met their burden of showing an absence of evidence in support of Plaintiff's claims. The facts fully support Plaintiff's claims before this Court.

**A. ISSUES OF MATERIAL FACT EXIST AS TO A DENIAL OF PLAINTIFF'S FIRST AMENDMENT RIGHTS.**

The Plaintiff was ordered by Honorable Judge Marullo to attend a Pentecostal religion-based

drug rehabilitation center operated by Teen Challenge. (Undisputed Facts 1,2, 4 and 10.) Plaintiff was given no secular options for rehabilitation. (Supplemental Disputed Fact 1.) Indeed, Plaintiff's only other option was to go to jail. (Disputed Fact 7, Supplemental Disputed Fact 2.) When the court ordered him to enter the Greater New Orleans Teen Challenge ("GNOTC") facility, the Plaintiff was required to actively participate in Pentecostal ceremonies and was ridiculed because he was Catholic. (Disputed Fact 5.) The Plaintiff was placed in a program that required him to 'accept Jesus Christ' as a part of his rehabilitation. (Undisputed Fact 8.) Plaintiff was led to believe that the religious aspect of this program was non-denominational, and his own religious beliefs would not be challenged. (Disputed Fact 6.) The Plaintiff was forced to participate in a religion not of his own choice–a violation of his rights as a result of no less than a court order.

### B. ISSUES OF MATERIAL FACT ALSO EXIST AS TO PLAINTIFF'S WILLFUL PARTICIPATION IN DEFENDANTS' PROGRAM.

The Plaintiff was placed in this program by the State–he did not enter the Teen Challenge program of his own volition, and his participation was under the aegis of the Court. (Undisputed Facts 10, 11.) Upon entering the program the Plaintiff signed a "waiver" stating he would be submitting to Christian aspects of the rehabilitation program. (Disputed fact 8.) However, the Plaintiff was under the impression from both Judge Marullo and the Defendants that the program was non-denominational. (Supplemental Disputed Fact 3; Undisputed Fact 7.) The Plaintiff participated in the program out of fear of being returned to jail, not as a willful participant. (Disputed Fact 7.)

Thus, several genuine issues of material fact exist to defeat Defendants' motions for partial summary judgment. Plaintiff's claims are well-founded and supported by enough evidence to defeat Defendants' motions.

## II. THE CASE LAW WOULD JUSTIFY A MOTION FOR PARTIAL SUMMARY JUDGMENT BY PLAINTIFF AND A DENIAL OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BY DEFENDANT

### A. REQUIRING A DETAINEE OR CONVICT TO PARTICIPATE IN A RELIGIOUS PROGRAM RUN BY A PARTICULAR DENOMINATION VIOLATES THE ESTABLISHMENT CLAUSE.

Forced participation or indoctrination into a particular religion by a state entity is a clear violation of the Establishment Clause of the First Amendment. The violations of the Plaintiff's rights, as they occurred during this forced participation in coercive religious activity as a result of a court order, is clear. It is also clear that several courts have found detainee or convict rights to be violated under similar circumstances to Plaintiff's.

Detainees and convicts under the control of the state, or those given state authority, may be faced with limited choices when they suffer from drug abuse problems. However, the courts have found that they must be offered alternatives to religious-based treatment programs if they are required to participate in any program. *Bausch v. Sumiec*, 139 F.Supp.2d 1029, 1034 (E.D. Wis. 2001); *Rauser v. Horn*, 1999 WL 33257806 (W.D. Pa. 1999); *Kerr v. Farrey*, 95 F.3d 472 (7th Cir. 1996); *Warner v. Orange County Dept. of Probation*, 870 F.Supp 69 (S.D.N.Y. 1994). Where a prison inmate was forced to choose between attending Narcotics Anonymous (N.A.) programs or suffering serious penalties, the court found the prison's requirement he attend N.A. meetings to be a violation of the Establishment Clause. *Kerr*, 95 F.3d 472. The court found that even though the treatment program was privately run by N.A., the fact that it was the only choice made available to him <u>by authorities acting for the state</u> made it a constitutional violation. *Id.* at 479-80. When a parole officer gave a plaintiff the choice between entering a private, religion-based drug treatment program or revocation of his parole, the court found that "unconstitutional religious coercion arises when the state exerts

the force of law and the threat of penalty to induce an individual to participate in a religious activity." *Bausch*, 139 F.Supp.2d at 1034 (*citing Lee v. Weisman*, 505 U.S. 577, 640 (1992)). The Plaintiff in the instant case faced a similar situation–not only was he offered the "choice" between jail or a religious treatment program, but the treatment program was one with a strict agenda that was tantamount to brainwashing.

And when the state chose a religion-based private program for the Plaintiff to attend, where he had no real alternative to such a private program besides jail, the state is running into the prohibition against the state favoring religion in general over non-religion. *Kerr*, 95 F.3d at 480. The state required his attendance in a private program by conditioning the terms of his punishment on his participation. The Defendants had state authority, and Plaintiff was participating in the programs because of the state Judge's order. Defendants reached their state authority further by forcing Plaintiff to stay by threatening jail if he left.

This type of requirement where the terms of punishment are conditioned on such participation has been held to be a Constitutional violation, because it is the state that requires it. *Warner v. Orange County Dept. of Probation*, 115 F.3d 1068 (2d Cir. 1997)(holding that conditioning the terms of probation on participation in private, religiously-oriented Alcoholics Anonymous meetings was a violation of the First Amendment). Certainly, Plaintiff's participation could hardly be characterized as that of free will. Because his participation in Defendants' religious program was not his choice; it was a program that required his religious conversion in order to participate in the rehabilitation he needed and was ordered to receive by the state justice system; and the Defendants had state authority via Judge Marullo's order, the Establishment Clause was clearly violated.

## B. DENIAL OF SUMMARY JUDGMENT

The requirement for Summary Judgment is that there be no genuine issue of material fact. *Bausch*, 139 F.Supp.2d at 1032 (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). "For a dispute to be genuine, the evidence must be such that a 'reasonable jury could return a verdict for the nonmoving party.' For the fact to be material, it must related to a disputed matter that 'might affect the outcome of the suit.'" *Id.*. Indeed, "courts should act with caution in granting summary judgment when the evidence presented shows a dispute over facts that might affect the outcome of the suit under governing law." *Id.*. Because this case involves novel issues involving religious brainwashing under state authority by Defendants as well as due process and deliberate indifference issues, the Plaintiff prays the court not grant Summary Judgment in favor of the Defendants.

Respectfully submitted,

SIDNEY L. SHUSHAN, #2055
J. HARRISON HENDERSON III, #6766
KRISTINA L. FURRA (28041)
GUSTE, BARNETT & SHUSHAN, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Attorneys for Petitioner, Troy A. Autin, II

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by via hand delivery or placing same in the U.S. Mail, postage prepaid and properly addressed on this 13th day of September 2004.

5

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| TROY A. AUTIN, II | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO: 03-2309 |
| | * | |
| TEEN CHALLENGE INTERNATIONAL, | * | SECTION F |
| GREATER NEW ORLEANS TEEN | * | |
| CHALLENGE; GREG DILL; | * | JUDGE FELDMAN |
| GARY BENTLEY | * | |
| | * | MAGISTRATE ROBY |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## PLAINTIFF'S SUPPLEMENTAL STATEMENT OF DISPUTED FACTS

**MAY IT PLEASE THE COURT:**

Plaintiff, Troy A. Autin, II respectfully submits this supplemental statement of disputed facts in support of his opposition to Defendant Teen Challenge International's Motion for Partial Summary Judgment as well as Defendants Greater New Orleans Teen Challenge, Inc., Greg Dill, and Gary Bentley's Motion for Partial Summary Judgment.

1. Plaintiff was given only one choice in rehabilitation facilities, that of Teen Challenge. No secular option was offered by the court. (Annex D, Plaintiff's Deposition, Part I, pg. 34)

2. Plaintiff only had a choice between entering a rehabilitation facility and going to jail.

(Annex D, Plaintiff's Deposition, Part I, pg. 35-36)

3. Judge Marullo told the Plaintiff that the Teen Challenge program was non-denominational. (Annex D, Plaintiff's Deposition, Part I, pg. 35)

Respectfully submitted,

/s/ Kristina Furra

SIDNEY L. SHUSHAN, #12055
J. HARRISON HENDERSON III, #6766
KRISTINA L. FURRA (28041)
GUSTE, BARNETT & SHUSHAN, L.L.P.
639 Loyola Avenue, Suite 2500
New Orleans, Louisiana 70113-7103
Telephone: (504) 529-4141
Attorneys for Petitioner, Troy A. Autin, II

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing has been served upon all counsel of record by via hand delivery or placing same in the U.S. Mail, postage prepaid and properly addressed on this 13th day of September 2004.

/s/ Kristina Furra