

| | |
|---|---|
| TROY A. AUTIN, II | CIVIL ACTION |
| VERSUS | NO. 03-2309 |
| TEEN CHALLENGE INT'L ET AL. | SECTION "F" |

## ORDER AND REASONS

Before the Court are multiple partial summary judgment motions. For the reasons that follow, the motions are GRANTED.

### Background

In the summer of 2002, the plaintiff, Troy Autin, was a participant in a Teen Challenge drug rehabilitation program which was operating under the trade name "Mount Grace Teen Challenge." This program is owned and operated by the Greater New Orleans Teen Challenge.[1] Autin was interned at the GNOTC because he had violated his probation. A state judge allowed Autin to remain free on probation if Autin voluntarily attended the GNOTC program. He filed this lawsuit for activities that occurred while he was a participant in the Teen Challenge drug rehabilitation program. He

---

[1] Greg Dill is the founder and executive director of GNOTC. Gary Bentley is also a private citizen who is associated with the GNOTC.



raised claims for violations to his Constitutional rights under the Eighth Amendment and to his rights under Article I, Section 20 of the Louisiana Constitution. Autin also makes state tort law claims. Teen Challenge International, Greater New Orleans Teen Challenge, Inc., Greg Dill and Gary Bentley now move for partial summary judgment of plaintiff's claims under 42 U.S.C. Section 1983 and Article 1, Section 20 of the Louisiana Constitution.

I. <u>Standard for Summary Judgment</u>

Federal Rule of Civil Procedure 56 instructs that summary judgment is proper if the record discloses no genuine issue as to any material fact such that the moving party is entitled to judgment as a matter of law. No genuine issue of fact exists if the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. See <u>Matsushita Elec. Indus. Co. v. Zenith Radio.</u>, 475 U.S. 574, 586 (1986). A genuine issue of fact exists only "if the evidence is such that a reasonable jury could return a verdict for the non-moving party." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986).

The Court emphasizes that the mere argued existence of a factual dispute does not defeat an otherwise properly supported motion. See <u>id</u>. Therefore, "[i]f the evidence is merely colorable, or is not significantly probative," summary judgment is appropriate. <u>Id</u>. at 249-50 (citations omitted). Summary judgment is also proper if the party opposing the motion fails to establish

2

an essential element of his case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). In this regard, the non-moving party must do more than simply deny the allegations raised by the moving party. See Donaghey v. Ocean Drilling & Exploration Co., 974 F.2d 646, 649 (5th Cir. 1992). Rather, he must come forward with competent evidence, such as affidavits or depositions, to buttress his claims. Id. Hearsay evidence and unsworn documents do not qualify as competent opposing evidence. Martin v. John W. Stone Oil Distrib., Inc., 819 F.2d 547, 549 (5th Cir. 1987). Finally, in evaluating the summary judgment motion, the court must read the facts in the light most favorable to the non-moving party. Anderson, 477 U.S. at 255.

## II. Application

The Fifth Circuit has ruled that a claimant stating a claim under 42, United States Code, Section 1983 must establish: (1) a violation of the Constitution or law of the United States; and (2) the violation was committed by someone acting under color of law. McKinney v. Irving Indep. School Dist., 309 F.3d 308, 312 (5th Cir. 2002), cert denied, 537 U.S. 1194, 123 S.Ct. 1332, 154 L.Ed.2d 1030 (2003). Article 1, Section 20 has the same "under color of law" requirement as Section 1983 claims. See Pellerin-Mayfield v. Goodwill Indus., 2003 WL 22174279, 4 (E.D.L.A. 2003). The "under color of law" requirement is analogous to the "state action" requirement of the Fourteenth Amendment. Rendell-Baker v. Kohn, 457

3

U.S. 830, 838, 102 S.Ct. 2764, 2769-70, 73 L.Ed.2d 418 (1982). The question that must be resolved is whether the action giving rise to the federal rights violation is "fairly attributable to the State." Id. Four tests assist in the answer to this question: (1) the nexus test; (2) the symbiotic relationship test; (3) the joint action test; and (4) the public function test. Gallagher v. "Neil Young Freedom Concert", 49 F.3d 1442, 1447-57 (10th Cir. 1995).

The plaintiff maintains that the defendants, private parties, meet the public function test. A private party's conduct will be "fairly attributable to the State" under the public function test when the state delegates to the private party a power "traditionally exclusively reserved to the State." Jackson v. Metropolitan Edison Co., 419 U.S. 345, 352, 95 S.Ct 449, 454, 42 L.Ed.2d 447 (1974). Autin voluntarily attended the GNOTC as a condition of parole. He was free to leave the program and accept punishment for his prior parole violation. In fact, the GNOTC's sole activity is operating a drug rehabilitation center. The parolees, like the other students of the program, are not forced to attend by the GNOTC. Autin is without support for the proposition that a drug rehabilitation center is a power exclusively reserved for the state.

Furthermore, under any standard for evaluating whether a private actor is acting "under color of law," it cannot be said that the defendants actions are "fairly attributable to the State."

In Tilbe v. Entitas Foundation, 499 F.Supp. 817 (D.Nev. 1980), the district court stated that a privately owned drug rehabilitation center that accepts parolees into its program is not a state actor under Section 1983. See id. at 819. Tilbe is a useful guide. The critical facts are the same in Tilbe as in this case. The only possible connection between the state and the GNOTC is that Autin's attendance of the GNOTC was a condition of his parole. See id. Although attendance was a condition of Autin's parole, the condition was quite obviously between Autin and the state, not the state and the GNOTC. See id. Autin was treated like the other non-parolee students in the program, except that GNOTC would inform the court of Autin's departure if he were to not finish the program. See id. Even though the GNOTC reports to the state that a parolee is violating a condition of parole, it does not have the power to unilaterally revoke Autin's parole. See id. The conditions of the program are not dictated by the state and the GNOTC is not required to accept parolees into its program. See id. The defendants' actions are simply not under color of state law.

The plaintiff asserts that the defendants meet the public function test because they are providing medical services to convicts and detainees; that the provision of such medical services is a traditional government function; and that the delegation of this function renders the party a state actor. Autin invokes several cases in support of this argument that do not apply here.

Unlike the private parties in many of these cases, GNOTC has not contracted with the state to provide any services. See West v. Atkins, 487 U.S. 42, 44 (1988); McCullem v. City of Phila., No. Civ. A 98-5858, 1999 WL 493696, at *1 (E.D. Pa. 1999). Further, GNOTC is not similar to a prison. GNOTC has not been delegated the state's obligation to provide medical services to convicts and detainees because it is not populated by convicts and detainees. See C.K. v. Northwestern Human Servs., 255 F. Supp. 2d 447, 451 (E.D. Pa. 2000); Lemoine v. New Horizons Ranch & Ctr., Inc., 990 F. Supp. 498, 501 (N.D. Tex. 1998). Rather, it is a drug treatment facility, which, unlike a prison, all of its students can voluntarily leave. GNOTC's situation is not like those in which the public function test has been met in other courts.

Further, GNOTC's actions did not violate the plaintiff's rights under the Establishment Clause of the First Amendment. Autin maintains that Autin was required to attend the religiously oriented GNOTC in violation of his First Amendment rights. But the Establishment Clause has not been violated because the defendants are not state actors. Compare Bausch v. Sumiec, 139 F. Supp. 2d 1029, 1031-32 (E.D. Wis. 2001) (defendants were plaintiff's parole officer and Secretary of the Department of Corrections); Warner v. Orange County Dep't of Prob., 173 F.3d 120, 120 (2nd Cir. 1999) (defendant was the Department of Probation); Kerr v. Farrey, 95 F.3d 472, 475 (7th Cir. 1996) (defendants were the warden of a

6

prison and the supervisor of that prison's Social Services Department).

Accordingly, the motions for partial summary judgment are GRANTED. The plaintiff's claims under 42 U.S.C. Section 1983 and Article 1, Section 20 of the Louisiana Constitution are hereby dismissed.[2]

New Orleans, Louisiana, September 23, 2004.

Martin L. C. Feldman
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2]Because the defendants' motions for partial summary judgment are granted on the "under color of law" issue, the Court does not address the alternative arguments raised by the defendants.

7